IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REM WISCONSIN, INC.,
REM WISCONSIN II, INC., and
REM WISCONSIN III, INC.,

    Plaintiffs,

  v.

LINDA SEEMEYER,
CARE WISCONSIN FIRST, INC.,
LAKELAND CARE DISTRICT,
MY CHOICE FAMILY CARE, INC., INCLUSA,
INC., and LAKELAND CARE, INC.,

    Defendants.

OPINION & ORDER

18-cv-263-jdp

---

Plaintiffs provide health care for individuals with intellectual and developmental disabilities who are qualify for Medicaid assistance. Defendants Care Wisconsin First, Inc., Lakeland Care District, My Choice Family Care, Inc., Inclusa, Inc., and Lakeland Care, Inc., are managed care organizations (MCOs) that contract with the Wisconsin Department of Health Services to administer payment of claims for reimbursement of Medicaid-eligible expenses. Defendant Linda Seemeyer is the secretary of the department. The MCOs require service providers to submit reimbursement claims within 60, 90, or 120 days of the date of service. Plaintiffs submitted claims past the deadline, and the MCOs refused to pay. Plaintiffs filed this lawsuit, seeking a declaratory judgment that the MCOs must allow service providers to submit claims within 12 months of the date of service. Dkt. 33.

The MCOs and Seemeyer have moved to dismiss the suit. Dkt. 31 and Dkt. 40. Both motions raise a threshold issue: whether the court has subject matter jurisdiction over plaintiffs'

claims. That issue proves dispositive in this case, so the court will grant defendants' motions and dismiss the case.

ANALYSIS

In deciding a motion to dismiss on jurisdictional grounds, the court may consider well-pleaded allegations in the complaint, affidavits, and written materials. *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 597 (7th Cir. 2015). Where, as here, the materials facts are not disputed, the court can decide the issue on the written evidence alone, without an evidentiary hearing. *See Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd.*, 286 F. Supp. 3d 982, 985 (W.D. Wis. 2017) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Plaintiffs ask that the court hold oral argument on the motions because they "involve a complex area of the law." Dkt. 37. But the parties' briefs and the record present the facts and argument necessary for the disposition of this case. Oral argument is unnecessary, so the court will deny plaintiffs' motion for a hearing and turn to its subject-matter-jurisdiction analysis.

Plaintiffs rely on 28 U.S.C. § 1331 for subject matter jurisdiction, which applies to "civil actions arising under the Constitution, laws, or treaties of the United States." The general rule is that a "suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). A law creates a private right of action only if it displays an unambiguous intent to confer the right on a class of people including the plaintiff. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 857 (7th Cir. 2017).

Plaintiffs' sole federal claim is under the Declaratory Judgment Act, 28 U.S.C. § 2201. Its remaining claims are brought under Wisconsin's declaratory judgment act, Wisconsin's

administrative procedures act, and Wisconsin's common-law tort of unjust enrichment; it contends that the court may assert supplemental jurisdiction over these state-law claims under 28 U.S.C. § 1367.

It is well established that § 2201 "is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). It doesn't provide an independent basis for exercising jurisdiction. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008). Plaintiffs, likely aware of this fact, allege instead that their "claims arise under Title XIX of the Social Security Act . . . and the federal regulations promulgated thereunder." Dkt. 33, ¶ 14. More specifically, plaintiffs contend that their claims arise under 42 C.F.R. § 447.45(d)(1), which provides that a state "Medicaid agency must require providers to submit all claims no later than 12 months from the date of service," and under 42 U.S.C. § 1396a(a)(37), which provides that a state Medicaid plan must

> Provide for claims payment procedures which (A) ensure that 90 per centum of claims for payment . . . made for services covered under the plan and furnished by health care practitioners through individual or group practices or through shared health facilities are paid within 30 days of the date of receipt of such claims and that 99 per centum of such claims are paid within 90 days of the date of receipt of such claims, and (B) provide for procedures of prepayment and postpayment claims review, including review of appropriate data with respect to the recipient and provider of a service and the nature of the service for which payment is claimed, to ensure the proper and efficient payment of claims and management of the program . . . .

Plaintiffs' theory is that under § 447.45(d)(a), providers of Medicaid services like itself must be allowed 12 months to submit claims for reimbursement; the MCOs' shorter submission deadlines therefore violate the regulation. To put it bluntly, plaintiffs' theory just doesn't make sense. Section 447.45(d)(1) establishes a maximum deadline, not a minimum deadline: the deadline to submit claims must be *no later than* 12 months from the date of service. And it

3

establishes the maximum deadline for claims submitted to state Medicaid agencies, not MCOs. Another regulation, § 447.46, concerns claims submitted to MCOs, and it doesn't establish any requirements for the submission of reimbursement claims; rather, it requires MCOs to *pay* claims within a certain period of time.

Plaintiffs don't fare any better under § 1396a(a)(37). This statute doesn't say anything about the submission of claims; again, it focuses on when claims are *paid*, not when they're submitted. Some courts have held that the statute creates a private right of action against MCOs that fail to *pay* claims on time. *See, e.g.*, 970 F. Supp. 2d 687, 699–700 (E.D. Ky. 2013). But it clearly does not create the private right of action that plaintiffs seek to enforce here. Without a cause of action arising under federal law, the court may not assert subject matter jurisdiction over plaintiffs' claims.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for oral argument, Dkt. 37, is DENIED.

2. Defendants' motions to dismiss, Dkt. 31 and Dkt. 40, are GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

Entered August 13, 2018.

BY THE COURT:

_____

JAMES D. PETERSON
District Judge